Scott E. Davis
State Bar No. 016160
SCOTT E. DAVIS, P.C.
8360 E. Raintree Drive, Suite 140
Scottsdale, AZ 85260

Telephone: (602) 482-4300
Facsimile: (602) 569-9720
email: davis@scottdavispc.com

*Attorney for Plaintiff Sondra Foster*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Sondra Foster,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>The Prudential Insurance Company of America; GID Investment Advisers, LLC; GID Investment Advisers, LLC Disability Plan,<br><br>　　　　Defendants. | Case No.<br><br>**COMPLAINT** |

Now comes the Plaintiff Sondra Foster (hereinafter referred to as "Plaintiff"), by and through her attorney, Scott E. Davis, and complaining against the Defendants, she states:

### *Jurisdiction*

1. Jurisdiction of the court is based upon the Employee Retirement Income Security Act of 1974 (ERISA); and in particular, 29 U.S.C. §§1132(e)(1) and 1132(f). Those provisions give the district courts jurisdiction to hear civil actions brought to recover employee benefits. In addition, this action may be brought before this Court pursuant to 28

U.S.C. §1331, which gives the Court jurisdiction over actions that arise under the laws of the United States.

*Parties*

2. Plaintiff is a resident of Maricopa County, Arizona.

3. Upon information and belief, GID Investments Advisers, LLC (hereinafter referred to as the "Company") sponsored, administered and purchased a group disability insurance policy which was fully insured by The Prudential Insurance Company of America (hereinafter referred to as "Prudential"). The group disability insurance policy provided long term disability benefits to Plaintiff, as well as life insurance coverage. The specific Prudential group disability policy, known as Group Policy No.: G-76669 (hereinafter referred to as the "Policy"), contained both a long term disability benefit and a waiver of any premiums which may have been due on Plaintiff's life insurance coverage, in the event Plaintiff was found to meet the definition of disability set forth in the policy. The Company's purpose in sponsoring, administering and purchasing the Prudential Policy was to provide long term disability benefits and life insurance for its employees. Upon information and belief, the Prudential Policy may have been included in and part of an employee benefit plan, which may have been named the GID Investments Advisers, LLC Disability Plan (hereinafter referred to as the "Plan") and was created to provide the Company's employees with welfare benefits. At all times relevant hereto, the Plan constituted an "employee welfare benefit plan" as defined by 29 U.S.C. §1002(1).

4. Upon information and belief, Prudential functioned as the claims administrator of the policy; however, pursuant to the relevant ERISA regulation, the Company and/or the Plan may not have made a proper delegation or properly vested fiduciary authority or power for claim administration in Prudential.

5. Prudential operated under a conflict of interest in evaluating Plaintiff's claims due to the fact that it operated in dual roles as the decision maker with regard to whether she was disabled as well as being the payor of benefits; *to wit*, Prudential's conflict existed in that if it found Plaintiff was disabled, it was then liable for payment of her disability benefits and also to waive any premiums due on Plaintiff's life insurance coverage.  When Prudential denied Plaintiff's claims, it saved a significant sum of money.

6. The Company, Prudential and the Plan conduct business within Maricopa County and all events giving rise to this Complaint occurred within Maricopa County.

*Venue*

7. Venue is proper in this district pursuant to 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391.

*Nature of the Complaint*

8. Incident to her employment, Plaintiff was a covered employee pursuant to the Plan and the relevant Policy and a "participant" as defined by 29 U.S.C. §1002(7). Plaintiff seeks disability income benefits, life insurance coverage and the waiver of any premiums due on the life insurance coverage from the Plan and the relevant Policy pursuant to §502(a)(1)(B) of ERISA, 29 U.S.C. §1132(a)(1)(B), as well as any other employee benefits she may be entitled to, including but not limited to health insurance coverage, pension/retirement benefits, etc., from any other Company Plan as a result of being found disabled.

9. After working for the Company as a loyal employee, Plaintiff became disabled on or about March 22, 2010 due to serious medical conditions and was unable to work in her designated occupation as a Maintenance Supervisor.  Plaintiff has remained disabled as that term is defined in the relevant Policy continuously since that date and has

not been able to return to work in any occupation as a result of her serious medical conditions.

10. Following her disability, Plaintiff filed a claim for short term disability benefits which was approved by Prudential and those benefits have been paid and exhausted. Following the exhaustion of her short term disability benefits, Plaintiff filed for long term disability benefits under the relevant Policy, which was administered by Prudential, meaning it made the decision with regard to whether Plaintiff was disabled.

11. Upon information and belief, the relevant Prudential Policy and definition of disability governing Plaintiff's long term disability claim is as follows:

> You are disabled when Prudential determines that:
> - you are unable to perform the material and substantial duties of your regular occupation due to your sickness or injury; and
> - you have a 20% or more loss in your indexed monthly earnings due to that sickness or injury.
>
> After 24 months of payments, you are disabled when Prudential determines that due to the same sickness or injury, you are unable to perform the duties of any gainful occupation for which you are reasonably fitted by education, training or experience.

12. Plaintiff also filed a claim for a waiver of the premium due on her life insurance coverage under the relevant Policy, which was also administered by Prudential. Upon information and belief, the relevant Prudential Policy and definition of disability governing Plaintiff's waiver of life insurance premium claim is as follows:

> You are "Totally Disabled" when due to Sickness, Injury or both, you are not able to perform for wage or profit, the material and substantial duties of any job for which you are reasonably fitted by your education, training or experience.

13. In support of her claims for long term disability benefits and a waiver of life insurance premiums, Plaintiff submitted to Prudential medical records and questionnaires from her treating physicians, which supported her claims for benefits.

14. Prudential approved Plaintiff's claims and paid Plaintiff long term disability benefits and waived the premiums due on the life insurance coverage from June 20, 2010 through May 20, 2014, when Prudential terminated her benefits without any evidence of medical improvement or evidence that suggested Plaintiff was no longer disabled.

15. Upon information and belief, as part of a review of Plaintiff's claims, Prudential obtained a medical records only "paper review" from a physician of its choosing, named Jonathan Mittleman, M.D.

16. Upon information and belief, Plaintiff believes Dr. Mittleman may be a long time medical consultant for the disability insurance industry and/or Prudential. As a result, Plaintiff believes Dr. Mittleman may have an incentive to protect his own consulting relationship with the disability insurance industry and/or Prudential by providing medical records only paper reviews, which selectively review or ignore evidence such as occurred in Plaintiff's claims, in order to provide opinions and report(s) which are favorable to insurance companies and/or Prudential and which supported the denial of Plaintiff's claims.

17. In a letter dated May 19, 2014, Prudential notified Plaintiff it was terminating her long term disability benefits beyond May 20, 2014.

18. In a letter dated August 8, 2014, Prudential notified Plaintiff she was no longer eligible for a waiver of the premiums due on her life insurance coverage beyond May 20, 2014.

19. Pursuant to 29 U.S.C. §1133, Plaintiff timely appealed the May 19, 2014 and August 8, 2014 termination of her benefits and in support of her appeal, Plaintiff submitted additional medical, vocational and lay-witness evidence demonstrating she met any definition of disability set forth in the relevant Prudential Policy.

20. In support of her appeal, Plaintiff submitted to Prudential an October 7, 2014 narrative letter authored by her treating board certified family physician who opined, "…[Plaintiff] may be unable to sustain any gainful employment indefinitely."

21. Plaintiff also submitted to Prudential an October 9, 2014 checklist letter completed by her treating board certified orthopedic surgeon, who marked "yes" when asked if it is his medical opinion Plaintiff has been unable to sustain any gainful employment since March 23, 2010 and will continue to be unable to indefinitely.

22. Plaintiff submitted to Prudential a May 22, 2014 narrative letter authored by her treating medical professional who opined, "…it is my clinical assessment that [Plaintiff] will not be able to pursue or return to gainful employment."

23. Plaintiff submitted to Prudential a Functional Capacity Evaluation report dated July 9, 2014, wherein after an extensive evaluation, a qualified physical therapist determined, "…[Plaintiff] is unable to perform any categorical work at this time, even *sedentary*" (original emphasis).

24. Plaintiff submitted to Prudential a vocational report from a certified vocational expert dated October 29, 2014, who after reviewing Plaintiff's medical evidence and interviewing Plaintiff concluded, "From a vocational standpoint, [Plaintiff] fully meets the criteria set forth in her disability policy or any policy that concerns itself with physical restrictions."

25. In addition to the medical records and reports submitted to Prudential, Plaintiff submitted two sworn affidavits from her longtime friend and roommate, who both confirmed Plaintiff is unable to work in any occupation and her medical condition had not improved in any way since the date she became disabled.

26. Upon information and belief, as part of its review of Plaintiff's claims, Prudential again obtained a medical records only "paper review" from a physician of its choosing. Defendants did not disclose to Plaintiff, either during the administrative review of her claims or following the denial, the name of or the report from the reviewing physician.

27. Upon information and belief, Plaintiff believes the reviewing physician may be a long time medical consultant for the disability insurance industry and/or Prudential. As a result, Plaintiff believes the reviewing physician may have an incentive to protect his/her own consulting relationship with the disability insurance industry and/or Prudential by providing medical records only paper reviews, which selectively review or ignore evidence such as occurred in Plaintiff's claims, in order to provide opinions and report(s) which are favorable to insurance companies and/or Prudential and which supported the denial of Plaintiff's claims.

28. In a letter dated November 18, 2014, in order to engage Prudential in a dialogue and so she could perfect any alleged deficiencies in her claims, Plaintiff requested a complete copy of any and all medical records only "paper reviews" from Prudential and the opportunity to provide these reviews to her treating physicians for their response, prior to Prudential rendering a determination in her claims.

29. In a letter dated February 3, 2015, Prudential notified Plaintiff it had denied her claim for long term disability benefits under the Policy. Prudential informed Plaintiff in its February 3, 2015 letter she could file a civil action lawsuit.

30. In a letter dated February 12, 2015, Prudential notified Plaintiff it had denied her claim for the waiver of premiums due on her life insurance coverage under the Policy.

1  Prudential informed Plaintiff in its February 12, 2015 letter and also that she could file a
2  civil action lawsuit on that claim.

3        31.    Prior to rendering its February 3, 2015 and February 12, 2015 denials,
4  Prudential never responded to Plaintiff's November 18, 2014 request, shared with Plaintiff
5  the report authored by the reviewing physician and did not engage Plaintiff or any of her
6  treating medical providers in a dialogue so she could either respond to the report and/or
7  perfect her claims. Prudential's failure to provide Plaintiff with the opportunity to respond
8  to the reviewing physician's report precluded a full and fair review pursuant to ERISA and
9  is a violation of Ninth Circuit case law.

10        32.    In evaluating Plaintiff's claims on appeal, Prudential had an obligation
11  pursuant to ERISA to administer Plaintiff's claims "solely in her best interests and other
12  participants" which it failed to do. [1]

13        33.    In denying Plaintiff's claims, Prudential failed to adequately investigate them
14  and failed to engage Plaintiff in a dialogue during the appeal of her claims with regard to
15  what evidence was necessary so Plaintiff could perfect her appeal and claims. Prudential's
16  failure to investigate the claims and to engage in this dialogue or to obtain the evidence it
17  believed was important to perfect Plaintiff's claims is a violation of ERISA and Ninth
18  Circuit case law and a reason she did not receive a full and fair review.

---

[1] It sets forth a special standard of care upon a plan administrator, namely, that the administrator "discharge [its] duties" in respect to discretionary claims processing "solely in the interests of the participants and beneficiaries" of the plan, § 1104(a)(1); it simultaneously underscores the particular importance of accurate claims processing by insisting that administrators "provide a 'full and fair review' of claim denials," Firestone, 489 U.S., at 113, 109 S. Ct. 948, 103 L. Ed. 2d 80 (quoting § 1133(2)); and it supplements marketplace and regulatory controls with judicial review of individual claim denials, see § 1132(a)(1)(B). *Metro. Life Ins. Co. v. Glenn*, 128 S. Ct. 2343, 2350 (U.S. 2008).

34.     Plaintiff believes Prudential provided an unlawful review which was neither full nor fair and that violated ERISA, specifically, 29 U.S.C. § 2560.503-1, for numerous reasons, including but not limited to: failing to credit Plaintiff's reliable evidence; failing to adequately investigate her claims; providing one sided reviews of Plaintiff's claims that failed to consider all evidence submitted by her and/or de-emphasizing medical evidence which supported Plaintiff's claims; disregarding Plaintiff's self-reported symptoms; failing to consider all the diagnoses and/or limitations set forth in her medical evidence as well as the impact the combination of those diagnoses and impairments would have on her ability to work; failing to prove that her medical condition had improved to an extent that she no longer met the definition of disability in the Policy; failing to engage Plaintiff in a dialogue so she could submit the necessary evidence to perfect her claims and failing to consider the impact the side effects from Plaintiff's medications would have on her ability to engage in any occupation.

35.     Plaintiff believes a reason Prudential provided an unlawful review which was neither full nor fair and that violated ERISA, specifically, 29 U.S.C. § 2560.503-1, is due to the dual roles Prudential undertook as decision maker and payor of benefits which created an inherent conflict of interest and provided a financial incentive for it to deny her claims.

36.     Plaintiff is entitled to discovery regarding the aforementioned conflicts of interest of Prudential and any individual who reviewed her claims and the Court may properly weigh and consider extrinsic evidence regarding the nature, extent and effect of any conflict of interest and any ERISA procedural violation which may have impacted or influenced Prudential's decision to deny her claims.

37.     With regard to whether Plaintiff meets the definition of disability set forth in the Policy, the Court should review the evidence in Plaintiff's claims *de novo*, because even

1  if the Court concludes the Policy confers discretion, the unlawful violations of ERISA
2  committed by Prudential as referenced herein are so flagrant they justify *de novo* review.

3        38.    As a direct result of Prudential's decision to deny Plaintiff's claims, she has
4  been injured and suffered damages in the form of lost long term disability benefits and lost
5  life insurance coverage and waiver of premium benefits, in addition to other potential
6  employee benefits she may have been entitled to receive through or from the Plan, from any
7  other Company Plan and/or the Company as a result of being found disabled. Plaintiff
8  believes other potential employee benefits may include but not be limited to, health and
9  other insurance related coverage or benefits, retirement benefits (credits) and/or or a
10 pension.

11       39.    Pursuant to 29 U.S.C. §1132, Plaintiff is entitled to recover unpaid benefits,
12 prejudgment interest, reasonable attorney's fees and costs from Defendants.

13       40.    Plaintiff is entitled to prejudgment interest at the legal rate pursuant to A.R.S.
14 §20-462, or at such other rate as is appropriate to compensate her for losses she incurred
15 as a result of Defendants' nonpayment of benefits.

16       WHEREFORE, Plaintiff prays for judgment as follows:

17       A.    For an Order requiring Defendants to pay Plaintiff her long term disability
18 benefits and life insurance benefits which may be due, and any other employee benefits
19 she may be entitled to as a result of being found disabled pursuant to the Prudential
20 Policy, from the date she was first denied these benefits through the date of judgment and
21 prejudgment interest thereon;

22       B.    For an Order directing Defendants to continue paying Plaintiff the
23 aforementioned benefits until such time as she meets the conditions for termination of
24 benefits;

25
26

1      C.    For attorney's fees and costs incurred as a result of prosecuting this suit pursuant to 29 U.S.C. §1132(g); and

    D.    For such other and further relief as the Court deems just and proper.

DATED this 23rd day of March, 2015.

SCOTT E. DAVIS. P.C.

By:   */s/ Scott E. Davis*
       Scott E. Davis
       Attorney for Plaintiff